IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CASSANDRA EVANS,

      Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

No. 2:17-CV-0295-DMC

MEMORANDUM OPINION AND ORDER

      Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties (Docs. 7 and 8), this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are the parties' briefs on the merits (Docs. 13 and 14).

      The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole,

including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

For the reasons discussed below, the Commissioner's final decision is affirmed.

## I. THE DISABILITY EVALUATION PROCESS

To achieve uniformity of decisions, the Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f). The sequential evaluation proceeds as follows:

Step 1    Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied;

Step 2    If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied;

Step 3    If the claimant has one or more severe impairments, determination whether any such severe impairment meets or medically equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled and the claim is granted;

///

///

2

| | | |
|---|---|---|
| Step 4 | | If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied; |
| Step 5 | | If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied. |

See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

To qualify for benefits, the claimant must establish the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A). The claimant must provide evidence of a physical or mental impairment of such severity the claimant is unable to engage in previous work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. See Quang Van Han v. Bower, 882 F.2d 1453, 1456 (9th Cir. 1989). The claimant has the initial burden of proving the existence of a disability. See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The claimant establishes a prima facie case by showing that a physical or mental impairment prevents the claimant from engaging in previous work. See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f). If the claimant establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant can perform other work existing in the national economy. See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

///
///
///
///

## II. THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on February 7, 2013. See CAR 21.[1] At the hearing, plaintiff claims that disability began on January 31, 2009. See id. In her brief, plaintiff claims she stopped working due to "depression, anxiety, migraines, heart, eye and leg problems, anxiety, migraines [sic], anger issues, paranoia, learning disability, bipolar/manic, depression symptoms, and acid reflux." Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on November 24, 2014, before Administrative Law Judge (ALJ) Trevor Skarda. In a July 29, 2015, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): hypertension, obesity, asthma, osteoarthritis of the knees, bilateral lower extremity edema, adjustment disorder with depressed mood, and borderline intellectual functioning;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: light work except the claimant may only occasionally climb ramps or stairs, never climb ropes, ladders, or scaffolds, only occasionally balance, stoop, kneel, crouch, and crawl, must avoid moderate exposure to pulmonary irritants such as fumes, odors, dusts, gases, and poor ventilated areas, must avoid moderate exposure to hazards, defined as operational control of dangerous moving machinery and unprotected heights, the claimant is limited to simple routine and repetitive tasks, work that is low stress, meaning no more than occasional decision-making or work setting changes;

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, the claimant is capable of performing her past relevant work as a house cleaner as that work is generally performed, and there are jobs that exist in significant numbers in the national economy that the claimant can also perform.

See id. at 23-36.

After the Appeals Council declined review on December 13, 2016, this appeal followed.

///

---

[1] Citations are the to the Certified Administrative Record (CAR) lodged on January 17, 2018 (Doc. 10).

4

# III. DISCUSSION

In her motion for summary judgment, plaintiff argues the ALJ failed to articulate sufficient reasons for rejecting her statements and testimony as not credible.

### 1. The ALJ's Analysis

At Step 4, the ALJ evaluated the credibility of plaintiff's statements and testimony to determine her residual functional capacity. See CAR 27-28, 33-34. Regarding plaintiff's credibility, the ALJ stated:

> The claimant is a 47-year-old female with a high school education (Hearing Testimony). The claimant alleged an inability to work due to depression, anxiety, migraines, heart, eyes, leg problems, anger issues, paranoia, learning disability, bipolar/manic depression symptoms, and acid reflux (Exhibit 3E/2). The claimant alleges high blood pressure and morbid obesity (Exhibit 7E/1). The claimant alleges that she attended special education classes in high school, but also stated that she has completed specialized training in culinary arts (Exhibit 3E/3). The claimant alleges that her niece prepares all her meals and that the claimant does not cook due to her illness (Exhibit 6E/3). The claimant alleges that when she stands, she sometimes falls to her knees without knowing the reason (Exhibit 6E/3). The claimant alleges that the conditions affect her ability to lift, squat, bend, stand, walk, kneel, stair-climb, see, complete tasks, concentrate, understand, follow instructions, and get along with others (Exhibit 6R/6). In her most recent Disability Report, the claimant alleges possible strokes or seizures, and possible diabetes (Exhibit 13E/2). At the hearing, the claimant reported periods of "blacking out" and losing consciousness for thirty minutes at one time and using a cane to ambulate (Hearing Testimony).

CAR 27-28.

After discussing the objective medical evidence and opinion evidence, the ALJ evaluated the credibility of plaintiff's statements and testimony:

> The claimant has described activities of daily living that are not as limited as one would expect given the claimant's complaints of disabling symptoms and limitations. The claimant has reported that she is able to watch television (Exhibit 6E/1). The claimant reported that she spends her days cleaning, washing, and doing yard work (Exhibits 11E/1/2). The claimant is able to walk children to school (Exhibit 11E/2). The claimant is able to go shopping in stores (Exhibit 4E/4). The claimant is able to spend a lot of time with family (Exhibit 4F/2). The claimant has also informed medical professionals that she cooks for herself (Exhibit 4F/2). These activities of daily living are inconsistent with the claimant's allegations that she does not cook and does not complete any household chores (Exhibit 6E/3). The claimant's inconsistent statements suggest that she had not been forthcoming about her functional abilities.

///

5

> The claimant has not generally received the type of medical treatment one would expect for a person with the claimant's alleged limitations, which include the necessity to use a cane to walk and inability to complete any household chores (Exhibit 6E/3 and Hearing Testimony). In fact, since the alleged onset date, the claimant's medical treatment has been limited. Rather, at the hearing the claimant testified that her medications alleviated pain symptoms (Hearing Testimony). In regards to the claimant's mental impairments, the record does not reflect any actual treatment, psychotropic medications, or therapy.
>
> \* \* \*
>
> A review of the claimant's work history shows that the claimant worked only sporadically prior to the her [sic] alleged disability onset date, which raises a question as to whether the claimant's continuing unemployment is actually due to medical impairments (Exhibit 5D/2). Instead, the record reflects that the claimant was incarcerated for two years on drug selling charges (Exhibit 2F/4).
>
> Finally, the claimant's demeanor while testifying at the hearing was generally unpersuasive. It is emphasized that this observation is only one among many being relied on in assessing credibility and is not determinative. The undersigned concludes that the claimant's allegations of debilitating pain and disabling functional limitations are not fully credible. Neither the objective medical evidence nor the subjective allegations, to the extent they are reasonably credible, warrant any more restrictive functional limitations than those the undersigned has found in this case.

CAR 33-34.

2.  Plaintiff's Contentions

Plaintiff argues:

> Here, after reciting the relevant ruling and regulation (footnote omitted), the ALJ states woefully insufficient reasons to reject the testimony. Specifically, the ALJ states:
>
> > After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.
>
> AR 33. The standard as articulated in *Bunnell v. Sullivan*, 947 F.2d 341, 345-346 (9th Cir. 1991) is that an ALJ disclaiming a claimant's allegations of severity "must specifically make findings which support this conclusion," and that "[t]hese findings, properly supported by the record, must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds." *Bunnell v. Sullivan*, 947 F.2d at 345-346. The *Bunnell* holding makes clear that "findings," "conclusion," and "record" are distinct concepts.

First, the ALJ simply sets forth the oft rejected boilerplate language numerous courts have rejected as boilerplate. *See Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012) (boilerplate language fails to inform in a meaningful, reviewable way of the specific evidence the ALJ considered in determining that claimant's complaints were not credible where the Commissioner rejects the testimony without linking the conclusory statements contained therein to evidence in the record). The statement by an ALJ of fact that a witness's testimony is "not credible" yields no clue to what weight the trier of fact gave the testimony. *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010); *see also Robbins v. Social Security Administration*, 466 F.3d 880, 883-85 and n. 2 (9th Cir. 2006) (credibility boilerplate); *Punzio v. Astrue*, 630 F.3d 704, 709 (7th Cir. 2011); *Martinez v. Astrue*, 630 F.3d 693, 696-97 (7th Cir. 2011); *Spiva v. Astrue*, 628 F.3d 346, 348 (7th Cir. 2010). Consequently, the conclusory statement of the ALJ in this matter is wholly insufficient.

Second, it appears that the ALJ's sole rationale simply rejects Evans's testimony based on a belief that the testimony is not credible because it lacks support in the objective medical evidence. AR 28-32. Such rationale is legally insufficient and the statement of the ALJ contravenes established case law and regulations. That is because a rejection of a claimant's testimony based on a lack of objective evidence is always legally insufficient. The *Bunnell* standard requires consideration of "excess pain" not simply the degree of pain limitation established by the objective medical evidence. *Bunnell v. Sullivan*, 947 F.2d at 345.

*Bunnell* discarded the proof of the degree of impairment by objective medical evidence articulated in *Bates v. Sullivan*, 894 F.2d 1059, 1064 (9th Cir. 1990) (Wallace, C.J., and Hawthorne, J., concurring). The incantation of a lack of objective evidence is therefore always legally insufficient. *Bunnell*, 947 F.2d at 343 ("we reject this standard because it is inconsistent with the relevant statutory language, the legislative history, the Secretary's regulations, [and] the Secretary's interpretation of the regulations...."). Indeed, the regulations specifically prohibit rejecting subjective pain testimony solely on the basis of objective medical evidence. 20 C.F.R. § 404.1529(c) (2) (we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements). Thus, the assertion of the ALJ that Cassandra Evans's testimony is not credible because it is inconsistent with the objective medical evidence is always legally insufficient to find Evans not credible.

Once Evans produced medical evidence of an underlying medical impairment, the ALJ could not discredit the testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence. *Reddick*, 157 F.3d at 722. Here the ALJ conceded that the objective evidence could reasonably be expected to cause Evans' symptoms. AR 33 ("After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms;"). In so finding the ALJ has determined that Evans has satisfied the first step of the credibility analysis in which the "ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.' *Lingenfelter v. Astrue*, 504 F.3d at 1035-36.

///

Consequently, the ALJ answers the wrong question in articulating that the degree of limitation established by the objective medical evidence does not support Evans's descriptions; rather, once the presence of a severe medical impairment likely to produce subjective limitations is established (as in this case), the true question is whether there is any clear and convincing reasons for rejecting Cassandra Evans's testimony. Simply put, the ALJ must not show he disbelieves Evans's story; it is that the ALJ must find Evans not credible as a witness. *See*, e.g., *United States ex rel. Exarchou v. Murff*, 265 F.2d 504, 507 (2d Cir. 1959) (agency credibility decision reversible where based simply on mistaken view of the story's plausibility and not of a finding that the witness was not credible) and *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) ("To find the claimant not credible the ALJ must rely either on reasons unrelated to the subjective testimony (e.g., reputation for dishonesty), on conflicts between her testimony and her own conduct, or on internal contradictions in that testimony."). In this matter the ALJ failed to articulate any rationale sufficient to demonstrate Cassandra Evans was anything other than credible.

The ALJ also rejects Evans's testimony as not credible based on Evans's performance of sporadic daily activities. AR 33. Evans's descriptions of her limitations demonstrate that she is incapable of maintaining substantial gainful work activity as a result of her severe impairments. AR 42-62. Substantial gainful work activity is the ability to sustain work activity "8 hours a day, for 5 days a week, or an equivalent work schedule." Social Security Ruling 96-8p; *see also Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001); *Reddick v. Chater*, 157 F.3d 715, 724 (9th Cir. 1998). Substantial gainful work activity is certainly not defined as requiring an individual's disability and limitations render him comatose or totally disabled. *See Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity). Nothing in Evans's testimony provides any indication that she is capable of performing anything other than a few basic daily activities and certainly not what is required of substantial gainful work activity as defined above.

Even the fact that Evans has some ability some of the time to perform something is not reason enough to find him not credible. *See Lester v. Chater*, 81 F.3d at 833 (symptom-free periods, and even the sporadic ability to work, are not inconsistent with disability because the ALJ must evaluate the claimant's ability to work on a sustained basis). Evidence that a claimant can participate in basic human function "is not determinative of disability." *Magallanes v. Bowen*, 881 F.2d at 756. By itself the fact that an individual may perform some activities does not affect credibility; rather it is an individual's daily activities and the relation of those activities to gainful work which offer insight to an individual's credibility. *Reddick v. Chater*, 157 F.3d at 722 ("Only if the level of activity were inconsistent with Claimant's claimed limitations would these activities have any bearing on Claimant's credibility"). Evans's descriptions of her activity level is far short of what is needed to demonstrate the capacity to perform work activity on a sustained basis. Evans has to take breaks when she does chores around the house. AR 278. Evans can only walk for 30 minutes and pay attention for 20 minutes. AR 281. Despite these limitations when doing daily activities, the ALJ does not explain how Evans translates her activities into a full day of work.

The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with

8

testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014). As the Ninth Circuit has further stated, "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001).

In this case, the ALJ did what the Ninth Circuit cautioned against: referring to Evans's daily activities and apparently concluding that they were partially inconsistent with Evans's claimed disability. AR 33. The ALJ's decision identifies Plaintiff's ability to do sporadic and limited household chores and taking care of her personal needs. AR 33. However, the ALJ did not describe how those activities are inconsistent with specific symptom claims made by Plaintiff.

Nor does the decision explain how Plaintiff's activities permit her to obtain and maintain a job. Citing plaintiff's ability to perform basic activities without explaining how these activities are inconsistent with plaintiff's complaints is legally insufficient. *See Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) ("the ALJ did not elaborate on *which* daily activities conflicted with *which* part of Claimant's testimony"); *Lester*, 81 F.3d at 834. As a result of this lack of specificity, the decision's reference to Plaintiff's daily activities is an inadequate basis for the ALJ's credibility determination. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 493-494 (9th Cir. 2015).

The ALJ also cites to Evans work history as a factor in the analysis. The Commissioner does not consider an individual's work history as part of the analysis. Social Security Ruling 16-3p.

The ALJ also rejects Evans's testimony because the ALJ believes Evans has only had care that was conservative in nature. AR 33. The ALJ is wrong. The ALJ does not cite to any medical evidence that demonstrates that Evans has in fact undergone a conservative course of treatment. The ALJ does not point to the record to demonstrate that there was anything more the doctors wanted Evans to do. The ALJ cannot fault Evans for failing to pursue non-conservative treatment options if none exist. See, e.g., *Lapeirre-Gutt v. Astrue*, 382 Fed. Appx. 662, 664 (9th Cir. 2010) ("A claimant cannot be discredited for failing to pursue non-conservative treatment options where none exist.").

In enacting the Social Security Disability Reform Act, *Congress did not intend to render the claimant's pain testimony irrelevant*. "Instead, Congress clearly meant that so long as the pain is associated with a clinically demonstrated impairment, credible pain testimony should contribute to a determination of disability." *Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986) citing *Howard v. Heckler*, 782 F.2d 1484, 1488 n. 4 (9th Cir. 1986) (emphasis added). Unfortunately, the ALJ did not consider Evans's credible testimony. *See*, *e.g.*, *United States ex rel. Exarchou v. Murff*, 265 F.2d 504, 507 (2d Cir. 1959) (agency credibility decision reversible where based simply on mistaken view of the story's plausibility and not of a finding that the witness was not credible). The ALJ did not identify clear and convincing reasons supporting his disbelief. Rather, the ALJ articulated generalities. *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) (Absent evidence of malingering, the ALJ must set forth adequate grounds such as reputation for dishonesty, conflicts between the claimant's testimony and her conduct, or internal

contradictions in the testimony, which the ALJ did not do.) As a result, the
ALJ's decision cannot withstand scrutiny (footnote omitted).

### 3. Applicable Legal Standards

The Commissioner determines whether a disability applicant is credible, and the court defers to the Commissioner's discretion if the Commissioner used the proper process and provided proper reasons. See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996). An explicit credibility finding must be supported by specific, cogent reasons. See Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990). General findings are insufficient. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). Rather, the Commissioner must identify what testimony is not credible and what evidence undermines the testimony. See id. Moreover, unless there is affirmative evidence in the record of malingering, the Commissioner's reasons for rejecting testimony as not credible must be "clear and convincing." See id.; see also Carmickle v. Commissioner, 533 F.3d 1155, 1160 (9th Cir. 2008) (citing Lingenfelter v Astrue, 504 F.3d 1028, 1936 (9th Cir. 2007), and Gregor v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006)).

If there is objective medical evidence of an underlying impairment, the Commissioner may not discredit a claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence. See Bunnell v. Sullivan, 947 F.2d 341, 347-48 (9th Cir. 1991) (en banc). As the Ninth Circuit explained in Smolen v. Chater:

> The claimant need not produce objective medical evidence of the [symptom] itself, or the severity thereof. Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom. By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the Cotton test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon.
>
> 80 F.3d 1273, 1282 (9th Cir. 1996) (referring to the test established in Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986)).

/ / /

/ / /

/ / /

The Commissioner may, however, consider the nature of the symptoms alleged, including aggravating factors, medication, treatment, and functional restrictions. See Bunnell, 947 F.2d at 345-47. In weighing credibility, the Commissioner may also consider: (1) the claimant's reputation for truthfulness, prior inconsistent statements, or other inconsistent testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) work records; and (5) physician and third-party testimony about the nature, severity, and effect of symptoms. See Smolen, 80 F.3d at 1284 (citations omitted). It is also appropriate to consider whether the claimant cooperated during physical examinations or provided conflicting statements concerning drug and/or alcohol use. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002). If the claimant testifies as to symptoms greater than would normally be produced by a given impairment, the ALJ may disbelieve that testimony provided specific findings are made. See Carmickle, 533 F.3d at 1161 (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

Regarding reliance on a claimant's daily activities to find testimony of disabling pain not credible, the Social Security Act does not require that disability claimants be utterly incapacitated. See Fair v. Bowen, 885 F.2d 597, 602 (9th Cir. 1989). The Ninth Circuit has repeatedly held that the ". . . mere fact that a plaintiff has carried out certain daily activities . . . does not . . .[necessarily] detract from her credibility as to her overall disability." See Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007) (quoting Vertigan v. Heller, 260 F.3d 1044, 1050 (9th Cir. 2001)); see also Howard v. Heckler, 782 F.2d 1484, 1488 (9th Cir. 1986) (observing that a claim of pain-induced disability is not necessarily gainsaid by a capacity to engage in periodic restricted travel); Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984) (concluding that the claimant was entitled to benefits based on constant leg and back pain despite the claimant's ability to cook meals and wash dishes); Fair, 885 F.2d at 603 (observing that "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication"). Daily activities must be such that they show that the claimant is ". . .able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable

to a work setting." <u>Fair</u>, 885 F.2d at 603. The ALJ must make specific findings in this regard before relying on daily activities to find a claimant's pain testimony not credible. See <u>Burch v. Barnhart</u>, 400 F.3d 676, 681 (9th Cir. 2005).

        4. <u>Disposition</u>

The ALJ in this case found plaintiff's statements and testimony not credible primarily due to inconsistencies. While, the ALJ stated plaintiff has described activities of daily living "that are not as limited as one would expect given the claimant's complaints of disabling symptoms and limitations," the ALJ went on to note plaintiff made several inconsistent statements regarding her daily activities. For example, plaintiff at one point stated she does not cook or do any household chores but told medical professionals she cooks for herself and reported she spends her days cleaning, washing, and doing yard work. The ALJ does not err by citing inconsistent statements in making an adverse credibility finding. See <u>Smolen</u>, 80 F.3d at 1284. As the ALJ noted, plaintiff's inconsistent statements provide a valid legal basis supported by the record to reject all of plaintiff's statements and testimony.

## IV. CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis. Accordingly, IT IS HEREBY ORDERED that:

        1. Plaintiff's motion for summary judgment (Doc. 13) is denied;

        2. Defendant's motion for summary judgment (Doc. 14) is granted;

        3. The Commissioner's final decision is affirmed; and

        4. The Clerk of the Court is directed to enter judgment and close this file.

Dated: December 19, 2018

                                    DENNIS M. COTA
                                    UNITED STATES MAGISTRATE JUDGE